Putnam, J.,
delivered the opinion of the Court.
The general rule anciently established in chancery was, that, when a testator, being indebted, gave to his creditor a legacy equal to, or exceeding, the amount of his debt, the legacy should be considered as a satisfaction for the debt. The rule has been acknowledged in later cases, but with marks of disapprobation, and a disposition [*393] to restrain its operation * in all cases where, from circumstances to be collected from the will, it might be inferred *343 that the testator had a different intention.(1) Thus, where a testator left a sufficient estate, it was determined that he was to be presumed to have been kind as well as just. So, if the legacy was of a less sum than the debt, or of a different nature, or upon conditions, or not equally beneficial in some one particular, although more so in another.
All the cases agree that the intention of the testator ought to prevail ; and that, prima, facie at least, whatever is given in a will is to be intended as a bounty. But, by later cases, the courts have not been disposed to understand the testator as meaning to pay a debt, when he declares that he makes a gift ; unless the circumstances of the case should lead to a different conclusion.
Thus, in the case cited for the plaintiff,(2) where the wife joined in the sale of her jointure, and the husband gave her a note of £ 7 10s. per annum for her life ; and afterwards, upon another such sale, he gave her a bond for £6 10s. per annum for her life ; and he after-wards made his will, and gave her £ 14 per annum for life ; the legacy was adjudged to be a satisfaction for the note and bond. Here it will be perceived, that the annuity given in the will amounted exactly to the sums secured by the bond and note ; and the presumption of satisfaction proceeded upon the similitude of the legacy to the debt.(3) So, in the case of Fowler vs. Fowler,(4) the general rule was applied. There the husband, being indebted to the wife for arrears due by the marriage settlement, gave her a larger legacy by the will ; and it was held a satisfaction of the debt. But it is to be observed, that Lord Chancellor Talbot expressed great dissatisfaction with the rule ; and it does not appear, that any circumstances could be found to take the case out of its general application. In that case the court refused paroi. evidence, to prove that the testator intended both should be paid.
* But cases of this nature must depend upon the circum- [* 394] stances ; and there must be a strong presumption, to induce a belief that the testator intended the legacy as a payment, and not as a bounty.(5) Thus, where the testatrix had given her servant a bond for £20 free of taxes for her life, and afterwards made her will and gave the servant £20 per annum, payable half yearly, but said nothing about the taxes, the court held that both should be paid.(6) Here the legacy, being not quite so beneficial as the debt, did not raise a presumption that it was intended as a payment.
So, where the testator, having sufficient assets, and having manifested great kindr.iss for the legatee, gave a legacy of a greater amount *344 than he owed, it was holden by Lord Chancellor Cowper, that the testator might be presumed to be kind as well as just; and he decreed the payment of the legacy as well as the debt.(7) It has been holden, that a legacy for a less sum than the debt shall never be taken as satisfaction;(8) and that specific things devised are never to be considered as satisfaction of a debt, unless so expressed.(9)
So the circumstance, where the testator had devised “ that all his debts and legacies should be paid,” was holden sufficient to take the case out of the general rule ; as, where the testator, indebted to bis maidservant £ 100 by bond for wages, afterwards gave her £ 500, Lord Chancellor King decreed that both should be paid, and as the testator had made provision for the payment of his debts.(10)
So, where it appeared, that the legatee had lived with the testatrix as a servant for twenty or thirty years, and she had given her a bond for £260, and, in one month afterwards, she made her will and gave her £ 500 ; and, in another clause, she gave the rest of her servants £5 a piece, but not to Jane Greese, the legatee ; “ because,” said the testatrix, “ I have done well for her before ” ; and she also made provision for her debts and legacies. Lord Hardwicke thought the circumstances above stated took the case out of the general rule, and decreed the legacy to be no satisfaction for the debt.(11) [*395] * So, where the testator was indebted for goods on an open account, a legacy for a larger sum was not held a satisfaction, because he might not know whether he was indebted or not, and, therefore, no presumption was to arise, that he intended merely to pay a debt.(12)
In the case at bar, the consideration for the legacy appears from the will to have been for the services of the legatee. A presumption that the legacy was intended to be a satisfaction of the bond, also, must rest on the fact, that the bond was given for the same services ; of which fact there is no evidence before us. It may have been for a different cause. We can only presume that it was for a lawful one.
It appears, also, from the will, that the testator intended his debts and legacies should be paid, before his residuary legatees should take any thing. The pecuniary legacy to the plaintiff, also, is not so much as the debt ; and, therefore, cannot be considered as a payment of it. Neither is there any declaration of the testator, that the specific articles given should be considered as a satisfaction of the debt. It appears, also, that there are sufficient assets.
*345 From a consideration of the principles and decisions applicable to this case, we are, therefore, all of opinion that the plaintiff ought to recover.†

Defendant defaulted.

 Haynes vs. Mico, 1 Bro. Cha. Ca. 131.

 Brown vs. Dawson, 2 Vern. 498.

 2 Fonbl. 330, in notis.

 3 P. Will. 353.

 2 Fonbl. 332

 Atkinson vs. Webb, 2 Vern 478.

 Cuthbert vs. Peacock, 1 Salk. 155

 1 Salk. 508.

 2 Eq. C. Abr., title, Devises, pi. 21, cited Bac. Abr., Legacies, D.

 1 P. Will. 408, 409, vide note.

 Richardson vs. Greese, 3 Atk. 65. — Nichols vs. Judson, S. P., 2 Atk. 301. -- Clarke vs. Sewall, S. P., 3 Atk. 97.

 1 P. Will. 299. — Powell's case, S. P., 10 Mod. 201.

 Roper on Legacies, by White, vol. 2, chap. 17, sec. 2. — Lowndes, 313. — Ward, 248. — Preston, 339. — Owings's Ex'rs. vs. Owings, 1 H. & G. 484. — Kelley vs. Kelley's Ex'rs., 6 Rand, 176. —Ladson vs. Ward, 1 Dessaus. 314. — Guignard vs. Mayrant, 4 Dessaus. 614. — Drew vs. Bidgood, 2 Sim. & S. 424.—Adams vs. Lavender, 1 M'CleL &. Y.41.—Goldschmidt vs. Goldschmidt, 1 Swanst. 219.— Goolding vs. Haverfield, 1 M'C. & Young, 345. A legacy is not to be deemed payment or satisfaction, 1. where it is less than the amount of the debt. (Graham vs. Graham, 1 Ves., Sen., 263. — Minced vs. Sarazine, Mosl. 295.— Cantle vs. Morris, 3 Br. 133. — Atkinson vs. Webb, 2 Ver. 478. — Pr. Ch. 236.) 2. Where, though equal to the debt, there is a difference in the duration or time of payment, making it less beneficial to the legatee. (Atkinson vs. Webb, Prec. Ch. 236. — Perry vs Perry, 2 Vern. 505. — Nichols vs. Judson, 2 Atk. 300. — Matthews vs Matthews, 2 Ves , Sen., 655. — Clark vs. Sewall, 3 Atk. 96. — Haynes vs. Mico, 1 Br. C. C. 129.— Blandy vs. Widmore, 18 W. 324 —Jeacock vs. Falkner, 1 Br. Ch. C. 295. — Adams vs. Lavender, 1 M. & Y. 41. — Goldschmidt vs. Goldschmidt, 1 Swanst. 219.) 3. Where the legacy and the debt are of a different nature. (Bartlett vs. Gillard, 3 Russ. 149. — Eastwood vs. Vinke, 2 P. W. 614. — Richardson vs. Elphinstone, 2 Ves., Jr., 463. — Jaggard vs. Jaggard, Prec. Ch. 175. — Garret vs. Evers, Mos, 364. —Alleyn vs. Alleyn, 2 Ves., Sen., 37. — Byde vs. Byde, 1 Cox, Ch. C. 49. — Chidley vs. Lee, Prec. Ch. 228.) 4. Where the provisions of the will are expressed to be given for a particular purpose. (Matthews vs. Matthews, 2 Ves., Sen., 655 — Lee vs. Brown, 4 Ves. 362 — Baugh vs Reed, 3 Br. Ch. 192. — Chauncey's case, 1 P. W. 408.) 5 Where the debt is contracted subsequently to the making of the will. (Cranmer's case, 2 Salk. 508. — Thomas vs Bennett, 2 P. W. 343. — Fowler vs. Fowler, 3 P. W. 358.) 6. Where the legacy is contingent or uncertain. (Nichols vs. Judson, 2 Atk. 300. — Alleyn vs. Alleyn, 2 Ves. 38.— Crampton vs. Sale, 2 P. W. 552—Foresight vs. Grant, 1 Ves., Jr., 298. — Freemantle vs. Banks, 5 Ves. 79. — Deves vs. Powlet, 1 Coz, C. 188. — Prec. Ch., Edley, French, in notes — Garthspore vs. Chatio, 10 Ves. 1.— Barrett vs. Bickford, 1 Ves. 519. — Goodfellow vs. Burchett, 2 Vern. 297. — Haynes vs. Mico, 1 B. Ch. C. 129. — Pullen vs. Creesy, 3 Ans. 830 —Adams vs. Lavender, 1 M. & Y. 41.) 7. Where the debt is contingent. (Rawlins vs. Powell, 1 P. W. 296.— Cranmer s case, 2 Salk. 508. — Carr vs. Estabrooke, 3 Ves., Jr., 561.) 8. Where there is an express direction in the will for the payment of debts and legacies. (Chauncey's case, 1 P. W. 408. — Richardson vs. Greese, 3 Atk, 64. — Field vs. Mostin, Dicken, 543. — But see pr. Wather vs. Smith, 4 Madd. 331.) 9. And, perhaps, where the legatee is a servant of the testator and the debt is for wages. (Richardson vs. Greese, 3 Atk. 64 — Wallace vs. Pomfret, 11 Ves. 542. — Rawlins vs. Powell, 1 P. W. 296. —- Carr vs. Estabrooke, 3 Ves., Jr., 561. — Sed vide Matthews vs. Matthews, 2 Ves., Sen., 635. — Chauncey's case, 1 P. W. 408.) ' The court will lay hold of any circumstance, however trifling, to raise a presumption that the testator did not intend the legacy as a satisfaction. (Meredith vs. Wynn, Prec. Ch. 314.—Matthews vs. Matthews, 2 Ves., Sen., 636. —Hinchcliffe vs. Hinchcliffe, 3 Ves. 529. — Williams on Executors, 805.) But it is said that a legacy shall in all cases be deemed a satisfaction where there is a deficiency of assets. (Toller, 337.— Williams, 808.)