## Case No. 3,396.

CROCKER v. BEAL et al.

[1 Lowell, 416.][1]

Circuit Court, D. Massachusetts. Dec. Term, 1869.

SUIT BY SURVIVING PARTY TO COVENANT — ELECTION TO TAKE TESTAMENTARY PROVISION.

1. If there be a covenant to three persons jointly, and a breach, and two die, the survivor may sue alone.

2. By indenture between husband and wife and trustees for the latter, the husband covenanted with the trustees not to demand any property that might thereafter come to the wife by descent or devise, but that she might enjoy and dispose of the same as if unmarried. He afterwards received a considerable sum which came to his wife by descent from a brother. By his will made after he had received this money he made a trust fund for the benefit of his children, during their lives, and gave the

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

trustees of that fund power, in their discretion, to pay his wife out of the income of the fund enough to make her yearly income up to $3,000 if it should at any time fall short of that amount, and added that he had included in the trust fund any amount of money that in equity or honor might be due his wife or children by heirship from the brother, and that he intended it to be in full and in lieu of dower. Whether this provision was intended as a satisfaction of the debt due for breach of the covenant, quaere?

3. If so intended, the fact that the wife, soon after the husband's death, had accepted one small instalment of income, she having refused several others afterwards, and having brought this suit, is not a conclusive election to accept the provision of the will.

This was an action of covenant broken, brought by the plaintiff [Uriel Crocker] as the last survivor of three trustees, appointed under an indenture made between William J. Walker, of the first part, and the said three trustees, and Mrs. Eliza Walker, wife of said William J. Walker, of the second part, dated February 24, 1846, against the defendants [I. S. Beal and others] as executors of the will of said William. The parties by stipulation, under the statute, submitted the case to the court, without a jury; and further agreed that the record of a suit in equity between said Eliza Walker and these defendants, lately decided in this court, should be evidence in this cause. In addition to this record some oral testimony was produced. It appeared that by the indenture Dr. Walker and his wife were to live apart, and the former conveyed to the three trustees certain houses and other estate for the benefit of his wife, and covenanted with the trustees, their successors and respective heirs, executors, and administrators, that he would not claim or demand any property that might thereafter come to Mrs. Walker by devise or descent, but that she might enjoy and dispose thereof as if she were unmarried; and that she m'ght receive and dispose of, as she might think proper, all personal property so acquired by her thereafter, &c. There was evidence tending to show that Dr. Walker did in his lifetime, and after the date of the indenture, receive the several sums mentioned in the declaration and in the amendment thereto, from the administrator of the estate of his wife's brother, amounting in all to $5934.69. The defendants objected, first, that the action could not be maintained by tne plaintiff; and, secondly, that the cause of action had been released by Mrs. Walker.

LOWELL, District Judge. Upon the first point the ground taken is, that the surviving trustee cannot sue alone. But the law is that upon a joint covenant the survivor alone can sue: 1 Chit. Pl. 11; Anderson v. Martindale, 1 East, 497; 2 Walf. Parties, 1527. It is said, and truly, that the indenture provides for filling vacancies, and for keeping the number of trustees always at three; but whether new trustees could sue for an old breach of covenant, we need not inquire, be-

cause none have been appointed, and the defendants have no concern with that matter, at least in this court. If any person interested chooses to apply to the probate court, no doubt the vacancies may be supplied, but in the mean time the plaintiff has this cause of action vested in him by survivorship.

The other defence is that Mrs. Eliza Walker, on whose behalf and for whose sole benefit this covenant was made, has taken an interest under her husband's will, inconsistent with the assertion of the right sought to be vindicated in this action. This is pleaded as an accord and satisfaction and as a release. Granting that these defendants can set up this defence, which the case cited of Bonaffé v. Woodberry, 12 Pick. 456, seems to show that they may, and that it is properly pleaded, which it seems to be, yet I am of opinion that the facts do not support it as a bar to this action.

It is undoubtedly true that where provision is made in a will for the benefit of any one, he cannot both accept that benefit and repudiate the will in any part. Thus a widow who has an estate left to her in lieu of dower, cannot after voluntarily accepting the provision demand to be endowed; and there are many like cases. And the rule prevails in this country at law as well as in equity. In equity the party is put to an election; and even at law, this can sometimes be done, as where a paid legatee disputing the will was required to pay the amount of his legacy into court. Hamblett v. Hamblett, 6 N. H. 333. But courts of law find much greater difficulty in dealing with such a case, and, as I understand, will not hold the devisee or legatee to be barred, unless it is clear that he has made an irrevocable election. See the remarks of Lord Redesdale, 2 Schoales & L. 450. If there is doubt on that point, the executor must be left to his remedy in equity, where full and complete justice can be done to both parties.

When the question is whether a legacy is intended as satisfaction for a debt, the same general rule prevails, but all intendments of law are against the inference of such an intent. See Chancey's Case, 2 White & T. Lead. Cas. Eq. 380, and notes to Am. Ed.; Strong v. Williams, 12 Mass. 391. Very slight circumstances will avail to negative any such presumption, as for instance the mere fact that the testator has directed all his debts and legacies to be paid, or that the legacy is less beneficial in any respect, though more so in others, than the debt. In the present case, the testator leaves a fund to trustees to divide the income, and eventually, after the lapse of many lives, the principal, among his six children and their representatives, and directs that, if necessary, the trustees may in their discretion, out of the income of this fund, pay his wife enough to make her income up to $3,000 a year, if the income of the property settled by the indenture should fall short of that sum; and adds: "I having

included in the sum given in the second item above (that is, the trust fund) any amount of money that in equity or honor may be due to my said wife or children by heirship from her late father or brother, Joseph Heard, deceased. And it is my design and intention that the provision herein made, coupled with the amount secured to her by said indenture, shall be in full and in lieu of her dower in my estate." He then gives the bulk of his estate to certain charities.

Here is a very clear intent expressed to bar dower; but it is by no means so clear that he intended this provision to be a satisfaction of the amount due this plaintiff for the benefit of his wife. It is mainly a provision for his own children, of which he says that one inducement is that he may in equity and honor owe them and their mother something for what he received from the estate of this brother and some one else. He acknowledges no legal obligation, and does not assert that he is making any satisfaction. The provision for his wife is only contingent, and at the discretion of his trustees. Considering the great care and minuteness with which such matters are provided for in the will, I find it difficult to understand this ambiguous declaration as meaning that his wife, if she takes any income in any year shall not be paid this debt. Suppose she does not take it, the trust fund remains the same, only her children get a somewhat larger income. The defendants must read this will as meaning that, in consideration of a debt due his wife, he leaves certain property in trust for their children, out of which the wife may, in certain contingencies and on some occasions, at the discretion of his trustees, have an income. What is there for her to elect? She cannot elect that the trust-fund shall not be created, nor that her children shall not have the income. If the question were between her and the children, I can understand that she might be required to choose. But suppose the children all assent to her having this income, what concern have the executors with the question?

If she is put to such an election, the evidence does not show that she has made the same so conclusively that a court of law will hold her barred. It seems that she has accepted one installment of income and has refused all others. If there be any inconsistency, then the suffering this action to be brought may be an election, and the trustees may refuse to pay her any more income. This will work exact justice, and will require the point to be settled in equity, where this question of election can be more properly dealt with.

I find as matters of fact: (1) That the indenture referred to in the plaintiff's declaration was made as therein set forth, and that the plaintiff is the sole survivor of the three trustees named in said indenture; (2) that after the making of the indenture the defendant's testator received the sum of $5964.39,

which came to his wife, Eliza Walker, from the estate of her brother, Joseph Heard, who died after the date of said indenture, whereby he broke the covenants thereof; (3) that said Eliza Walker received the sum of $145.-51, on 14th July, 1866, as an addition to her income for the year 1865–6, under the third item of said testator's will; and that she has refused to receive any further sums under said item of said will.

And as matters of law: (1) That said indenture is valid; (2) that the plaintiff as the sole survivor of the three trustees named in said indenture, may well have and maintain this action, and is entitled to recover said sum of $5964.39, with interest at six per cent. per annum, from the dates of the payments respectively, and his costs; (3) that said cause of action has not been released by the act of said Eliza above mentioned.[2] Judgment for the plaintiff.

---

[2] [The validity of the indenture had been sustained in another suit before this case was tried. See Walker v. Walker, 9 Wall. (76 U. S.) 743.]

