**In re the MARRIAGE OF Roxanne L. KUHN and Richard E. Kuhn.**

**Roxanne L. KUHN, Respondent,**

v.

**Richard E. KUHN, Appellant.**

**No. WD 30027.**

Missouri Court of Appeals, Western District.

April 30, 1979.

Grace S. Day, St. Joseph, for appellant.

Harold Miller, Day Miller, Maysville, for respondent; Robison & Miller, Maysville, of counsel.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

PRITCHARD, Judge.

The issue is the propriety of the trial court's action, in the dissolution proceedings below, in granting custody of an eleven year old female child to appellant, and at the same time granting custody of a four year old son to respondent. Appellant contends that the court erred in separating the children as not being in their best interests; that the best interest and welfare of the son was not considered; that the court erred in not awarding him the custody of the son when it found he was a suitable parent and awarding him custody of the daughter; and that the award of custody of the son to respondent was not supported by evidence and was an abuse of discretion.

The parties were married March 29, 1969. Respondent's daughter, her natural child, was then adopted by appellant. The son was born of the marriage April 16, 1973, and the parties separated June 7, 1977. The son was five years old at the time of trial, January 11, 1978.

The evidence here tends to support the finding of the trial court that both parties are fit parents. At the time of the hearing, which is the critical time, respondent had employment at the St. Joseph State Hospital, working from 8:00 a. m. to 4:30 p. m., weekdays. Her mother took care of the minor son two days a week, and transported him to the farm home of a Mrs. Garrison who cared for him three days a week. The son was to be enrolled in pre-school where she would drop him off before she went to work and would pick him up thereafter. Respondent had rented a trailer in King City, Missouri, but had been staying with her parents in Weatherby, Missouri. Respondent's take-home pay was $501.96 per month, and the decree awarded her $75.00 per month for the son's support. She confessed a partiality toward the son, and that there was existent friction between her and the daughter. She had no objection to the daughter living with respondent, and she testified that the two children got along very well with each other, that the daughter played with him and had taken care of him—their relationship had always been very good.

Appellant had rented a three bedroom modular home in King City, the photographs of which show it to be adequate for the home of the children. He was employed in St. Joseph as a mechanic with take-home pay of about $160.00 per week. He left for work about 7:15 a. m., taking the daughter by the Tunks from which she rode the school bus, returning to the Tunks after school. He picked her up about 5:30 p. m., and spent evenings, Saturdays and Sundays with her. Appellant had made arrangements with the Tunks to care for both of the children should he obtain custody of them. The daughter had been a good student and presents no disciplinary problems. In chambers, she expressed the desire to live with appellant.

Appellant cites and relies upon J— v. E—, 417 S.W.2d 199 (Mo.App.1967), to support his contention that the court erred in separating the children. That case did note, 417 S.W.2d 203[3–9], that "when there are no exceptional circumstances, the children of divorced parents should not be separated by splitting or dividing them between the parents * * *." That case did go on, however, to say that it is clearly within the discretionary power of the trial court to make that division if it is in the best interests of the child to do so.

The minor son here is of tender years as compared to the daughter, who was clearly mature enough to make a choice as to with which parent she preferred to live. The parties, being both employed, are practically equal in their respective abilities to be with and see to the care of the children. There is nothing in the record which convinces this court that the judgment as to custody should be disturbed. It should be noted, however, that respondent has not abided by the visitation rights accorded to both parties. She must do so or be subject to the trial court's sanctions for disobedience of its order.

The judgment is supported by substantial evidence. It does not erroneously declare or apply the law. There is no firm belief that it is wrong. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The judgment is affirmed.

All concur.