**Josephine Kay COCHENOUR, Respondent/Appellant,**

v.

**Bobbie E. COCHENOUR, Appellant/Respondent.**

Nos. 45006, 44995.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 16, 1982.

Tom B. Brown, Edina, for appellant/respondent.

J. William Holliday, Kahoka, for respondent/appellant.

REINHARD, Judge.

Dissolution. Wife appeals from the child custody and property disposition provisions of the decree and failure of the trial court to award her attorney's fees. Husband appeals only from the child custody provisions of the decree. We find merit in wife's claim regarding the distribution of the marital property and reverse and remand the cause to the trial court.

The parties were married in 1967 and four children, two boys and two girls, were born of the marriage; Bobbi Jo, age 11; Troy, age 9; Roy, age 7; and Leanna, age 5. The parties lived on and operated a farm of 522 acres. Both husband and wife also worked at other jobs during the marriage, though, at the time of trial, neither were working because of layoffs.

All of the 522 acre farm was acquired during the marriage. Husband and wife purchased 170 acres from husband's uncle, Clarence, and title to the land was held jointly. The remainder of the farm, 352 acres, was acquired from husband's uncle, Harley, and titled in husband's name only.

A new house was built on the land acquired from Uncle Harley with marital funds after his death. Husband claimed this land was a gift to him while wife contended it was marital property.

At the time of trial, all of the 522 acres was encumbered by a note and deed of trust in the amount of $106,000. In addition, there were other marital debts in the amount of $44,109.88.

The court found all the parties' property to be marital property with the exception of the farm that was acquired from Uncle Harley. It found this land was partially marital property and partially a gift. The trial court set off various items of personal property to the parties and it awarded all the real estate to husband subject to "the debts against the said land" and ordered husband to pay the other marital debts in the amount of $44,109.88. The court further found that the "difference between the net value of the marital property set off to the wife and the net value of the marital property above debts set off to the husband is $35,542.12" and awarded wife the sum of $35,542.12 to be paid at the rate of $1,000.00 per year for four years with the balance due at the end of the fifth year.

Custody of the oldest child, Bobbie Jo, and the youngest child, Leanna, were awarded to wife, while custody of the two boys were awarded to husband. Husband was ordered to pay child support for the two girls and neither party was awarded maintenance. Each party was also ordered to pay their own attorney's fees and to share the costs.

Both parties attack the custody provisions of the decree and contend they should have been awarded custody of all four of the children. We must affirm the trial court's judgment unless it is without substantial evidence to support it, it is against the weight of the evidence or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

In the matter of awarding child custody, it is well settled the trial court is vested with broad discretion. It is in a better position to consider all of the evidence and

factors in awarding custody, and unless this court is firmly convinced the welfare of the children requires some other disposition, we should affirm the trial court's decision. *Chastain v. Chastain,* 632 S.W.2d 291, 292–93 (Mo.App.1982).

■ The trial court awarded custody of two of the children to husband, two of the children to wife. It is evident from the record that both parties are fit parents, but, we are concerned about the separation of the children from each other. Absent exceptional circumstances, the children of divorced parents should not be separated, but the trial court does have the power to decree such separation if it is in accordance with the best interests of the children. *Ray v. Ray,* 535 S.W.2d 267, 268 (Mo.App.1976). The trial court interviewed three of the children. We have carefully reviewed the transcript and the evidence and conclude that the trial court did not abuse its discretion.

■ Wife also complains the court erred in failing to award her attorney's fees. Only when the trial court is shown to have abused its broad discretion, with which it is vested in this regard, should its award be overturned. *Chastain v. Chastain,* 632 S.W.2d 291, 293 (Mo.App.1982). No such showing was made.

We do find merit in wife's claim that the trial court erred in distributing the marital property because the trial court failed to find one half of the land acquired from Uncle Harley was marital property. Husband testified he received an undivided, one-half interest in the 352 acre farm from Uncle Harley on the condition that he assume an $1800 note and deed of trust and construct a toolshed and chicken house. He further testified he acquired an undivided, one-half interest in the remainder of the property from his uncle if "we was to take care of him the rest of his time for food, clothing and shelter," and because Uncle Harley wanted the land to remain in the "Cochenour" name.

The deeds introduced into evidence established that Uncle Harley conveyed 168 acres

of the 352 acre tract on January 17, 1969, and transferred the remainder of the tract on December 7, 1970, to himself and husband as "joint tenants with right of survivorship" for "love and affection and other consideration."[1] Wife introduced into evidence an agreement dated January 17, 1969, between husband and Uncle Harley in which husband agreed to "care for, provide clothing, shelter, and food for" his uncle for the remainder of his uncle's life. The agreement further stated that Uncle Harley conveyed certain real estate upon the express agreement that husband would care for him "for the rest of his life."

Uncle Harley moved in with husband and wife in January, 1969, and occupied one room of the house upstairs and used one and a half rooms for storage of his personal effects. Both husband and wife cared for him until his death in December, 1972. Husband testified that he made the required payments on the $1800 note and deed of trust and constructed the two required outbuildings for $6,225. After Uncle Harley died, a new house was built on the farm. The mortgage payments and these improvements were made with marital funds. No gift tax returns were filed.

The trial judge apparently found that all of the land acquired from Uncle Harley was a gift to husband. He did though, make allowance to wife for the reduction in the mortgage and the enhancement in value of the property with marital funds.[2] See, Stapleton v. Stapleton, 637 S.W.2d 210, 211 (Mo.App.1982); Rickelman v. Rickelman, 625 S.W.2d 901, 902 (Mo.App.1981); Ravenscroft v. Ravenscroft, 585 S.W.2d 270, 272 (Mo.App.1979).

Section 452.330.2, RSMo. 1978, provides that marital property is "all property acquired by either spouse subsequent to the marriage except: (1) Property acquired by gift, bequest, devise or descent." Subsec-

tion 3 provides, "[a]ll property acquired by either spouse subsequent to the marriage . . . is presumed to be marital property . . . . The presumption of marital property is overcome by a showing that the property was acquired by . . . [gift]."

■ Whether or not there was a gift is a question of fact. Lewis v. Lewis, 354 Mo. 415, 189 S.W.2d 557, 560 (1945). In the present case, because the farm from Uncle Harley was acquired during the marriage, the burden of proof rests with the husband to establish that the entire farm was a gift. Boyers v. Boyers, 565 S.W.2d 658, 660 (Mo. App.1978).

As to one half of the farm, the issue is whether a conveyance conditioned upon lifetime care is a gift. Our research has disclosed no Missouri case which has confronted this issue in the context of a dissolution proceeding, but we do find persuasive those cases which have held in other circumstances that agreements to transfer property in return for lifetime care are not gifts.

In Long v. Long, 121 S.W.2d 800 (Mo. 1938), the Supreme Court held that a transfer was not a gift when a grandfather transferred a business worth more than $15,000 to his grandson, pursuant to an agreement which provided, inter alia that grandson was to make monthly support payments to two relatives until their deaths. In Stone v. Pennock, 31 Mo.App. 544 (1888) it was held that a contract to care for a testator for $2,000 for three years or until his death did not constitute a gift, but a contract for services. In Glauert v. Huning, 266 S.W.2d 653, 665–66 (Mo.1954), the Supreme Court held that providing lifetime care for the testator constituted "adequate consideration" for an oral contract to bequeath real property.

1. Uncle Harley intended to convey all of the land in the January 17, 1969 deed. Part of the land was left out so the second deed was necessary.

2. Although the trial court stated the land is "partially marital property and partially a gift"

because wife contributed 8.8% toward its acquisition, it is clear from the entire decree, the court found that all of the land was a gift, but made an allowance amounting to 8.8% of its value to the wife for the expenditure of marital funds on the land.

While in the present case, husband testified that Uncle Harley wanted the land to remain in the Cochenour family, the consideration for the conveyance was the agreement to provide lifetime care for Uncle Harley. We conclude in the circumstances of this case that a conveyance conditioned upon lifetime care and provision for the decedent was not a gift but a contract for services. Uncle Harley received adequate consideration for the conveyance of one half of the farm. It was not a gratuitous transfer and it is marital property.

Husband testified without objection, Uncle Harley conveyed a one-half, undivided interest in the tract to him solely on the condition that he assume a loan and construct two buildings. The trial court apparently believed this testimony.

Parol evidence is admissible to show the actual consideration for the deed. *Boyers v. Boyers,* 565 S.W.2d 658, 660 (Mo. App.1978). A transfer is not kept from being a gift by payment of a trivial or nominal consideration, or if the consideration is insignificant compared with the value of the property transferred. 38 C.J.S. *Gifts,* § 7, p. 785; *Aldridge v. Aldridge,* 202 Mo. 565, 101 S.W. 42 (1907); *Geyer v. Bookwalter,* 193 F.Supp. 57, 62 (W.D.Mo.1961) (applying Missouri law). In addition, a donor has the right to place restrictions or conditions on a gift which are not inconsistent with the vesting of title. *Boyers v. Boyers,* 565 S.W.2d 658, 660 (Mo.App.1978).

In the present case, Uncle Harley conditioned the conveyance upon husband constructing two buildings and assuming an $1800 loan. This did not keep the transfer from being a gift. The value of the land was apparently at least $30,000 and the consideration amounted to only $8,000. This half of the farm was a gift and therefore, husband's separate property. The trial court in distributing the marital property properly considered the value of the marital funds expended on husband's separate property to reduce the mortgage and make improvements. But, neither using this land in the farm operation nor expending these funds converted the land to marital property. *Ravenscroft v. Ravenscroft,* 585 S.W.2d 270, 272 (Mo.App.1979).

Wife also complains that the trial court erred in distributing the marital property because she should have received a larger proportion of it. The trial court attempted to divide the marital property equally. We think in the circumstances of this case that is an appropriate proportionate division of the property. We need not consider wife's point though, because the case must be remanded to the trial court.

The case is affirmed in all respects except as to the distribution of the marital property. Cause is remanded for the sole purpose of recomputation and distribution of the marital property.

CRANDALL, P.J., and STEPHAN, J., concur.