Wayne ROBERTS, Respondent,

v.

Rebecca ROBERTS (now Carlson), Appellant.

No. WD 34548.

Missouri Court of Appeals, Western District.

March 20, 1984.

**250**

Robert C. Paden, Michael J. Albano, John W. Dennis, Jr., Independence, for appellant.

Charlotte P. Thayer, Regina Keelan Bass, Kansas City, for respondent.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

PRITCHARD, Presiding Judge.

In the dissolution of marriage decree entered on November 6, 1981, custody of the two children born of the marriage, a son, born March 12, 1970, and a daughter, born July 25, 1979, was awarded to the father with specific visitation rights granted to the mother.

Shortly after the dissolution decree, the mother married her present husband who was of her same age, thirty-four years. She filed a motion to modify the decree on June 22, 1982, asking transfer of the children to her. The father, who is an engineer, then filed a motion asking permission to move the children to Colorado where he had accepted a job, and the mother agreed that the younger daughter could go with him to that state pending the outcome of the motions for modification. By agreement of the parties, the son was in the mother's full-time custody since August, 1982.

This further evidence was before the trial court: At the time of the hearing, the father, 35 years old, was single, but had plans to marry a woman of 23 years of age, and they intended to make their home in Grand Junction, Colorado. When the cou-

ple started dating in December, 1980, the fiancee was around the children quite a lot. She had a warm relationship with the young daughter, but the same was not true with the son, who testified in camera that the two had never gotten along; he did not like the way she told the young daughter that the family unit consisted of her, the father, and the two children, to the exclusion of the mother; he was embarrassed by the displays of affection between the father and the fiancee in his presence and that of his friends who later ridiculed him for it. The son is a highly intelligent and communicative boy, who was unhappy and stressful over the turmoil of divorce in his house, but who was described by a teacher as being a generally happy child. The mother and her present husband testified that the daughter has a strong relationship with her brother, who has a mature attitude toward her and acted responsible for her. The two children have a nice relationship based upon love.

The Independence, Missouri, home of the mother and her present husband has rooms for both the children, and apparently they were accustomed to it during periods of visitation with the mother. The daughter had been enrolled in pre-school and music class in Missouri, and after visitations, the mother sometimes left her off for those activities. Photographs of the mother's home show it to be well appointed and adequate for the children.

The father and his fiancee planned to be married on January 28th following the hearing, after which they would move to Colorado. She testified that she could probably get work there but had decided not to but would be a full-time housewife. The father's new job in Colorado gave him flexible hours so he could have additional time with the children when necessary. There was a potential for him to return to the Kansas City area in supervising engineering jobs there. In Grand Junction, he lived in a modern condominium duplex in a desirable part of the city, but he planned to find another residence as soon as he sold his Independence, Missouri, home.

During the time the daughter has been with the father in Grand Junction, she has been enrolled in a morning program at a Montessori school where there is an educational program in music, art and learning. One of the teachers there took her home with her, fed her lunch, and the father picked her up between 4:30 and 5:00 p.m. every day. The father participates in activities with the daughter, including camping, hiking, picnicking, and attending school shows and programs. She is a normal child with no emotional or behavioral problems, and she has had a good relationship with the father, his fiancee and with the mother. The daughter was adapting well in her environment in the father's care. The mother's expert witness, Dr. Gary Horner, acknowledged that the strong relationship reflected well on the father's handling of the situation since the move to Colorado. The father had made efforts to see that the daughter maintained contact and relationships with the maternal grandparents following the move to Colorado.

The original decree of dissolution is not in the record, nor are any facts thereof shown which may have caused the court then to award the custody of both children to the father, subject to the visitation rights of the mother which were set by the decree to have been every other weekend from Friday at 6:00 p.m., until Sunday at 6:00 p.m., alternating holidays, and other visitation as agreed upon.

There was, however, a changed circumstance shown with respect to the son, who expressed a dislike for the father's fiancee, and a desire to remain in Missouri in his mother's custody and not to move to Colorado where he did not want to live. The trial court modified that part of the decretal custody to permit the son to remain with his mother, and that order is not presented on this appeal. Rather, the mother's contention is that the trial court erred in separating the children, and that the daughter would be much better off to be in her care and custody. The trial court found that there had been no change of circumstances with respect to the father's decretal custody of the young daughter.

There is, of course, authority that, absent exceptional circumstances, the children of divorced parents should not be separated. *Cochenour v. Cochenour*, 642 S.W.2d 402, 404[1] (Mo.App.1982). But that case goes on to say that the trial court did not abuse its discretion in awarding two of the children to the husband and two to the wife, the four children having ages ranging from 5 to 11. The *Cochenour* case and these further cases demonstrate the recent precedents for separating children in custody decrees: *Fastnacht v. Fastnacht*, 616 S.W.2d 98 (Mo.App.1981); *Hayden v. Hayden*, 588 S.W.2d 165 (Mo.App.1979); *Kuhn v. Kuhn*, 581 S.W.2d 112 (Mo.App.1979); and *E.C.S. v. J.D.L.*, 529 S.W.2d 423 (Mo.App.1975).

These cases have approved the award of custody of young female children to the father: *In re Marriage of Carpenter*, 595 S.W.2d 440 (Mo.App.1980) [a three-year old daughter]; *In re Marriage of Willer*, 595 S.W.2d 410 (Mo.App.1980) [a four-year old daughter]; and *In re Marriage of Estelle*, 592 S.W.2d 277 (Mo.App.1979) [a five-year old daughter].

■ The evidence here does not show that either party is unfit to have custody of the children. The trial court had the parties before it, and it is the sole arbiter of the matter of their credibility and it is in a better position to consider all of the evidence and factors in awarding (or changing) custody. *Cochenour v. Cochenour*, supra, at page 404. In this case the evidence shows that the father is, indeed, capable of caring for the daughter, and her adjustment with him since he moved to Colorado has been good. The relationship of the daughter with the father's prospective bride has been satisfactory. The trial court did allow the son to remain with the mother which was precipitated by his antipathy towards the fiancee, his reluctance to move to Colorado (and leave his friends and classmates), and his expressed preference to be with the mother. The trial court here did properly consider the disparity in the ages of the children (13 and 3 years, at the

**252**

time of the hearing), and noted that it would be but a few years that the son would be having less time with his sister by reason of maturity and further educational requirements, even if she were placed in the same home with him.

■ Although the mother's and father's expert witnesses testified that the two children should not be split apart because they need to be raised together, the trial court was not bound by that testimony. See *J.L.P.(H.) v. D.J.P.*, 643 S.W.2d 865, 868 (Mo.App.1982). The whole record here shows that there is nothing inimical to the best interests of the daughter that she be separated from her brother during her continued periods of custody with the father, and certainly the best interests of the son, considering his preferences and desires, under the evidence, indicates that they would be served in his remaining with his mother. Furthermore, any adverse effect of separation on the children, if it exists, would be ameliorated by the trial court's order of more extensive visitation rights by the parties: as to the son with his father, from June 1 to July 15th of each year; the second half of his Christmas vacation from school in 1982, and the first half of that vacation in 1983, same to alternate each year thereafter; the period of time the father has use of the Cancun time sharing condominium (presumably in Old Mexico) in either January or February, 1984; the visitation rights shall not interfere with the son's Boy Scout camping activities, or his opportunities to participate in programs for gifted or talented students, during which the father's visitation shall be reduced by one-half of any summer period when the son is engaged in such areas away from the Kansas City or Grand Junction areas. As to the daughter, the mother shall have visitation with her for five consecutive weeks commencing with the first Saturday in April; then from July 15th until the Sunday of Labor Day, and for Christmas holidays, until the son is with the father during those times. These times were further adjusted after the daughter enrolls in regular school, and during the time the mother exercises her use of the Cancun condominium. These custody and visitation rights, which are more fully set out in the modification decree, are as set forth in the Hayden case, supra, a sensible plan allowing for continued sibling association (and for the daughter's association with grandparents and other relatives in Missouri).

The judgment is affirmed.

All concur.