Edward Newton RANDLE, Jr.,
Respondent,

v.

Beverly Ann RANDLE, Appellant.

No. 37490.

Missouri Court of Appeals,
St. Louis District.

April 19, 1977.

Motion for Rehearing or for Transfer
Denied June 9, 1977.

Vincent E. Hartigan, Jr., St. Louis, for appellant.

Terryl W. Francis, Granite City, Ill., for respondent.

CLEMENS, Presiding Judge.

Appellant-mother appeals from the trial court's order changing child custody to the respondent-father.

The parties were divorced in February, 1968 and the mother was awarded custody of the year-old son. Respondent was given visitation rights during specified periods and ordered to pay for the child's support.

In November, 1974 respondent moved to modify the decree, seeking the boy's custody. The motion alleged the appellant-mother had told respondent she was unable to manage the child and had sent him to live with respondent's sister in St. Louis County.

On February 7, 1975 the trial court held a hearing on respondent's motion. Although duly served appellant did not appear. Respondent testified: He is presently married to Charlotte Randle and has two children by her. Both respondent and his new wife have two years of college. He is now a route salesman for a bakery and they own their home, which has six rooms and a large backyard. He did not know the whereabouts of his son, who had been withdrawn from the private school he had been attending in St. Louis. Appellant was living in Chicago and had told him she was sending the boy to St. Louis to live with respondent's sister because he was not happy living with her. She told respondent the boy could not live with him and he was not to "bother" the boy. The boy came to St. Louis and lived with the respondent's sister. Respondent visited his son frequently, about four times a week, until the sister forbid him to see or phone the child. Before sending the boy from Chicago to St. Louis appellant had lived with her grandmother or aunt who "did most of the raising of [the] child."

The court entered an interim order directing that a social study be made and reset the cause for March 21, 1975 and at that time the court continued the case to July 24, 1975. On that date appellant filed an answer and cross motion to modify. Respondent's counsel offered evidence that appellant had been personally served with the summons at her Chicago address. He introduced an unopened letter showing her refusal to receive the court's notice of setting. Appellant's attorney cross examined respondent, attempting to show he had failed to send the weekly support payments as originally ordered. Respondent testified he objected to the child's environment because "before [appellant] moved, she was staying with her aunt who was doing the majority of the raising of my child, also, not only her aunt was there, her grandmother, and there was two other adults living there." Further, "she sent [the child] down here . . she said [he] was unhappy with the situation in Chicago and she wanted him to come to St. Louis and live with my [respondent's] sister." Respondent testified appellant never allowed him to have any real relationship with his son nor did she permit visitation by him.

The court sustained respondent's motion and ordered the original decree modified by transferring the boy's custody to his father. On September 16, 1975 appellant moved to set aside the order transferring custody. September 22, 1975 appellant filed affidavits tending to explain why she had failed to appear for the original hearing.

October 10, 1975 the court heard appellant's motion to set aside the custody trans-

fer order. Appellant testified: She lives in Chicago and works for Pan American Airlines, earning an annual $10,500 salary. She had sent the boy to St. Louis to live with her sister-in-law so he could go to school with his cousin. The trial court overruled appellant's motion.

Appellant contends on appeal here that respondent-father failed to plead or prove a change of conditions warranting a transfer of custody.

In reviewing this case we must sustain the trial court's decision unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30[1] (Mo.1976). We give deference to the conclusion reached by the trial court.

Appellant argues there can be no *change of custody except upon a showing of* changed circumstances which have occurred after the original award of custody. *McFadden v. McFadden,* 509 S.W.2d 795 (Mo.App.1974). Custody should be transferred only when the change of conditions is such that the best interests of the child warrants it. *Klaus v. Klaus,* 509 S.W.2d 479[5] (Mo.App.1974). The burden of showing a change in circumstances warranting a transfer of custody falls on the party who seeks modification. *E.C.S. v. J.D.L.,* 529 S.W.2d 423[2] (Mo.App.1975). And, the party originally awarded custody is prima facie capable of having custody. *Klaus v. Klaus,* 509 S.W.2d 479 (Mo.App.1974).

We now consider appellant's challenge to the changes in circumstances presented to the trial court. Respondent testified he has remarried and has two sons by this marriage, that he is regularly employed and owns his home; his present wife is not employed and stays home to care for their two children. Whether these changes in the *father's* circumstances can now be considered in the modification request is uncertain. The new Missouri Dissolution of Marriage Statute (§ 452.300–452.415, RSMo. Supp.1973), which applies here, provides in § 452.410 that "The court shall not modify a prior custody decree unless it finds . . that a change has occurred in the circumstances *of the child or his custodian . . "* (emphasis added). This statute standing alone would not seem to permit consideration of the changes in the party seeking modification. However, several recent decisions have concluded this section codifies the long existing decisions in Missouri and they are still authoritative. *In re Marriage of Cook,* 532 S.W.2d 833 (Mo.App.1975); *Kanady v. Kanady,* 527 S.W.2d 704[3] (Mo. App.1975).

These changes in respondent's circumstances notwithstanding, we look to those concerning appellant and the child. She had moved with her child to Chicago. It is ordinarily against the policy of the law to move a minor child to another jurisdiction without judicial approval but if the child's best interests are thereby served, such removal may be judicially approved. *Northrup v. Sieve,* 517 S.W.2d 470[1] (Mo. App.1974).

Appellant eventually sent the son back to St. Louis to live with respondent's sister. She told appellant the boy could not live with him, but he visited often with his son at his sister's home and enjoyed a good relationship with him until the sister told him not to phone or see the boy. When respondent filed the motion to modify the boy was withdrawn from school in St. Louis. Thereafter, respondent did not know his son's whereabouts and was deprived of his visitation rights. Appellant claims she sent her son to St. Louis because she thought it would be a good idea for him to go to school with his cousin. Respondent testified that had the child been in his custody, he would have had him in the same school.

It is well established that "as respects the *right* to custody, the natural parent has legal preference over all other per-

sons (grandmothers included) . . . ."
*In re J_____,* 357 S.W.2d 197[1] (Mo.App.
1962). If the mother is employed and gone
from the home as is the father, she has no
more part in training and helping in the
child's development than the employed fa-
ther and if everything else is equal she has
no better claim when custody is at issue.
*Stanfield v. Stanfield,* 435 S.W.2d 690[5]
(Mo.App.1968). Further, interference by
one parent with the visitation rights of the
other constitutes a changed condition which
may justify modification. *R.L.S. v. J.E.S.,*
522 S.W.2d 5[1] (Mo.App.1975).

■ The evidence here was that the boy
was reared mostly by aunts, a grandmother
and other adults living in the same house-
hold. The mother was employed and gone
from the home. The child was subsequent-
ly sent from his mother's home in Chicago
to an aunt's home in St. Louis. Finally, the
respondent-father was deprived of visita-
tion rights and kept in the dark as to the
boy's whereabouts.

In passing upon the issue of custody mod-
ification, the child's welfare is the para-
mount concern. We give due deference to
the finding of the trial court and conclude
there was a change in circumstances of the
boy's custody, and that his best interest
would be served in the respondent-father's
custody.

■ We find appellant's second point
that the trial court refused her a true hear-
ing to be without merit. The evidence was
that she was served with the motion to
modify. She personally refused notice of
the original hearing date. She and her
attorney later filed affidavits explaining
that her absence from the second hearing
was due to an unexpected refusal of contin-
uance by the court. The record is silent as
to any request by her for a continuance.
The point is denied.

Judgment affirmed.

DOWD and WEIER, JJ., concur.