Georgianne MAZUREK,
Plaintiff-Appellant,

v.

Theodore John MAZUREK,
Defendant-Respondent.

No. 39251.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Nov. 7, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 15, 1978.

228

Anna C. Forder, St. Louis, for plaintiff-appellant.

Michael W. Dunlop, Clayton, Edward P. McSweeney, and Lawrence E. Mooney, St. Louis, for defendant-respondent.

CRIST, Judge.

Marriage dissolved and wife appeals contending that she should have been awarded custody of the two minor children of the parties.

Wife filed a Petition for Divorce on February 21, 1973. On May 8, 1973, husband was, by consent of the parties, awarded temporary custody of their two daughters, Monica, then four years of age, and Carolyn, then two years of age. Monica would now be almost ten years of age and Carolyn would be eight years of age. The parties were married on August 26, 1967. Husband had two children by a previous marriage and wife had two children by a previous marriage.

On March 3, 1977, the trial court awarded custody of the two daughters of the parties to husband. We affirm.

Wife complains that the court abused its discretion in awarding custody of the minor female children to the father in that it failed to properly consider the statutory guidelines of § 452.375 RSMo. 1973 Supp., V.A.M.S. This section provides:

"The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including:

(1) The wishes of the child's parents as to his custody;

(2) The wishes of the child as to his custodian;

(3) The interaction and interrelationship of the child with his parents, his siblings, and any other person who may significantly affect the child's best interests;

(4) The child's adjustment to his home, school, and community; and

(5) The mental and physical health of all individuals involved."

First, there was testimony that each of the parties desired to have custody of the children. Second, the children were eight and six years old at the time of trial and probably too young to have a rational preference. Third, there was evidence that the children were well cared for by a housekeeper while the father was at work. There was evidence as to the good relationship of the father and the children. Fourth, there was evidence that the children were doing well in their home and school and had adjusted well to their community life. Custody had been with the father for almost four years prior to trial. Fifth, there was evidence as to the good mental and physical health of all individuals involved. We believe there was sufficient evidence for the court to award custody of the minor daughters to the father. *Johnson v. Johnson*, 526 S.W.2d 33 (Mo.App.1975).

Section 452.375 requires that "[t]he court shall determine custody in accordance with the best interests of the child." Wife correctly contends there is a presumption that a mother is a better custodian of a child of tender years, particularly when the children are girls. Accordingly, there must be evidentiary support for the court to find that the two daughters should be placed with the father. *In re Marriage of Carmack*, 550 S.W.2d 815, 818 (Mo.App.1977).

The scope of our review is limited. *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). We must defer to the trial court's opportunity to judge the parties' credibility. As stated in *L.H.Y. v. J.M.Y.*, 535 S.W.2d 304, 306 (Mo.App.1976), "[o]n appeal of a court tried case, the appellate court does not function as a judicial second guesser. . . . the trial court is 'in a better position not only to judge the *credibility* of the witnesses and the persons directly but also their *sincerity* and *character* and other trial intangibles which may not be completely revealed by the record.'"

We believe there was evidentiary support for the court to find the children's best interests were served by placement with the father. There was testimony whereby the court could have found husband had satisfactorily taken care of the children for about four years. Wife had exposed the children to an unsuitable incident by herself and a male friend. Wife had broken most of the windows on the first floor of the home by throwing bricks through them while the children were inside. Wife was often away from the home and thereby neglected the children. Wife proposed an open marriage whereby the parties could date other people. Based upon such evidence, the court could reasonably have found that husband was better able to take care of the children.

All other points relied on by appellant are stricken for failure to comply with Rule 84.04(d) which provides that "[t]he points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and *wherein* and *why* they are claimed to be erroneous . . . ." (Emphasis added). *Thummel v. King*, 570 S.W.2d 679 (Mo.banc 1978); *Martin v. Circuit Court, No. 37269* (Mo.App., filed October 17, 1978); and *Powers v. Powers*, 544 S.W.2d 339, 340[3] (Mo.App.1976). In any event, we have reviewed the record, and find no merit in any of these points.

Accordingly, the judgment is affirmed.

DOWD, P. J., and ALDEN A. STOCKARD, Special Judge, concur.