In re the MARRIAGE OF Dennis ESTELLE, Petitioner-Respondent,

and

Linda Sue Estelle, Respondent-Appellant.

No. 40840.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 11, 1979.

Andrew L. Granat, Deeba, DeStefano, Sauter & Herd, Nancy Everett, Anderson, Everett, Sedey & VanAmburg, St. Louis, for respondent-appellant.

Milton W. Schaeffer, Clayton, for petitioner-respondent.

DOWD, Presiding Judge.

A child custody case.

The parties' six year marriage was dissolved, and custody of the parties' five year old daughter was awarded to the father. The mother appeals from the custody award contending the evidence does not support the trial court's findings and that the award contravenes the tender years presumption, the best interests of the child, and the equal protection clauses of the United States and Missouri Constitutions by characterizing only the mother's employment outside the home as a negative parental attribute.

We have reviewed the case upon both the law and evidence pursuant to Rule 73.01 and will not disturb the trial court's custody award unless the welfare of the child requires a different disposition. *In re Chilton,* 576 S.W.2d 584, 585[1, 2] (Mo.App. 1979); *Shannon v. Shannon,* 550 S.W.2d 601, 604[7–8] (Mo.App.1977); *see, Mazurek v. Mazurek,* 575 S.W.2d 227, 229[1–4] (Mo. App.1978).

The trial court's custody award is supported by the evidence. Evidence of

respondent's fitness to be his daughter's custodian was given by a friend of respondent, a woman who had worked in the daughter's day care center, and two women neighbors of the parties, who had frequent opportunity to observe the daughter as her baby-sitter or as the mother of a playmate. These witnesses all testified respondent had an exceptionally good relationship with his daughter, that she appeared to benefit from respondent's custody, and that she seemed less apprehensive or nervous when in her father's care. Respondent testified that, while the parties lived together, he was very active in caring for his daughter. He often prepared her breakfast and evening meals, picked her up from the baby-sitter or day care center, and prepared his daughter for bed.

When the parties first separated, the daughter remained in appellant's custody, but the daughter visited respondent frequently. At first, appellant lived in the house the parties had rented, and respondent moved into an apartment. Later, the respondent moved back to the house, and appellant moved to an apartment. In January of 1978, respondent took custody of his daughter and filed this action for dissolution. Since that time, the daughter has spent alternating weekends with appellant. Respondent testified he has read many of the popular books on the subject of child rearing and cooks and cares for his daughter himself rather than hiring a housekeeper.

We cannot say the evidence contradicts the trial court's custody award. Appellant's evidence indicated her daughter was not less well-adjusted in her custody, that respondent's parsimoniousness might keep the daughter from medical care despite a past serious illness, and that respondent was a lax disciplinarian. However, neither party maintains the other is unfit to have custody of the daughter. Both parties clearly love their daughter and are concerned she have the best possible care. Neither party has proven any misconduct or neglect by the other. Both parties have responsible, full-time jobs outside the home.

■ Appellant places great reliance upon the "tender years" presumption in her argument. However, the desirability of awarding custody of children of tender years, especially girls, to their mother should not be indulged to the extent of excluding consideration of all other relevant matters, particularly the best interests of the children. *Gillespie v. Gillespie,* 590 S.W.2d 420 at 423 (Mo.App.E.Dist., 1979); *In re Millsap,* 559 S.W.2d 69, 72[6] (Mo.App. 1977); *Shannon v. Shannon, supra* [5, 6]. If both parents are employed and equally absent from the home, the mother has no more part in training, nurturing, and helping in the child's development; and, if everything else is equal, the mother has no better claim to child custody. *Randle v. Randle,* 560 S.W.2d 876, 879[5] (Mo.App. 1977) (custody modification). Child custody issues must be decided as a factual matter upon all the evidence, not as a matter of law from the "tender years" presumption. *N. J. W. v. W. E. W.,* 584 S.W.2d 148, 150[2] (Mo.App.1979); *In re Barr,* 579 S.W.2d 833, 835[1, 2] (Mo.App.1979); *In re Chilton, supra* [1, 2].

■ Likewise, we disagree with appellant's contention Missouri Law concerning an employed mother's right to child custody violates the equal protection clauses of the federal and state constitutions. At most, Missouri law places employed parents on equal footing in seeking custody. *Randle v. Randle, supra.*

Although we do not believe the facts support the trial court's finding that appellant's "immaturity is obvious", upon the instant record and under the law as above-stated, we are compelled to the conclusion the best interests of the parties' daughter do not require a reversal of the trial court's child custody award.

The judgment is affirmed.

CRIST and REINHARD, JJ., concur.