Linda CHASTAIN, Appellant-Respondent,

v.

Gary O. CHASTAIN,
Respondent-Appellant.

No. 43911.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 2, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 19, 1982.

Application to Transfer Denied
May 17, 1982.

J. L. Pierson, St. Louis, for appellant-respondent.

Samuel C. Aubuchon, St. Louis, guardian ad litem of minor child.

James E. Heckel, St. Louis, for respondent-appellant.

REINHARD, Presiding Judge.

This is a consolidation of two appeals from a decree dissolving the marriage of Linda and Gary Chastain. The trial court dissolved the marriage of ten years, granted custody of the three year old minor child, Nicholas, to the husband with visitation rights to the wife, divided the marital property, awarded the marital residence to husband, and ordered husband to pay wife $25,000 and a portion of her attorney's fees.

The wife, on appeal, contends the trial court erred in: 1) granting custody of the child to husband; 2) failing to grant her the full amount of attorney's fees; and 3) failing to grant her motion to reopen the case. In husband's appeal, he contends the court erred in ordering him to pay $25,000 to wife as part of the property distribution. We affirm the decree in its entirety.

Both husband and wife worked at responsible, full time positions. Each requested custody of their son. Pursuant to a consent *pendente lite* order, the parties equally divided custody of Nicholas, prior to the entry of the dissolution decree. The evidence established that Nicholas was a healthy, well-adjusted child. Both parties can provide the love and affection necessary for rearing a small child, and can amply provide for his physical, spiritual, medical, and educational needs. Both had made plans to provide care for him while each was at work. The evidence did not preponderate in favor of either party. Although there were allegations by each against the other of moral improprieties and neglect, our review of the record reveals nothing which would disqualify either parent as custodian of their son.

In the wife's principal point on appeal, she asserts the trial court erred in awarding custody of Nicholas to his father because the court failed to give effect to the presumption that the custody of a child of tender years should be with his mother and because the court's order was contrary to the weight of the evidence.

We cannot set aside the trial court's order unless it is without substantial evidence to support it, it is against the weight of the evidence or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Wife relies on the tender years presumption, but in *In re Marriage of Estelle*, 592 S.W.2d 277, 278 (Mo.App.1979), Judge Dowd speaking for the court stated:

However, the desirability of awarding custody of children of tender years . . . to their mother [it] should not be indulged to the extent . . . of all other relevant matters, particularly the best interests of the children. (citations omitted). If both parents are employed and equally absent from the home, the mother has no more part in training, nurturing, and helping in the child's development; and, if everything else is equal, the mother has no better claim to child custody. *Randle v. Randle*, 560 S.W.2d 876, 879(5) (Mo.App. 1977). . . . Child custody issues must be decided as a factual matter upon all the evidence, not as a matter of law from the "tender years" presumption. . . .

The trial court is vested with broad discretion in awarding custody under these circumstances. *Johnson v. Johnson*, 526 S.W.2d 33, 37 (Mo.App.1975). It is in a better position to consider all of the evidence and factors and unless this court is

firmly convinced that the welfare of the child requires some other disposition, we should affirm the trial court's decision. *In re Marriage of Shepherd*, 588 S.W.2d 174, 177 (Mo.App.1979).

 There was no evidence that either parent was unfit. After the trial judge heard the evidence, and had an opportunity to observe the witnesses, it was his decision that custody of Nicholas be granted to his father. We have carefully reviewed the entire record, and we cannot say that the trial court abused its discretion or that its decision is against the weight of the evidence.

Next, wife contends the court erred in failing to award her the full amount of attorney's fees. Only when the trial court is shown to have abused its broad discretion, with which it is vested in this regard, should its award be overturned. *Kieffer v. Kieffer*, 590 S.W.2d 915, 919 (Mo. banc 1979). No such showing was made here. Wife's point is without merit.

Wife's last point is that the court erred in striking a paragraph of her affidavit in support of her motion for a new trial and denying her motion to reopen the case. In wife's affidavit she alleged her husband committed perjury. The granting of a new trial on the ground of perjury requires a showing that the witness willfully and deliberately testified falsely. It rests within the discretion of the trial court to determine whether perjury occurred; and the action of the trial court will not be reversed unless the appellate court is satisfied that the trial court abused its discretion. *Humfeld v. Langkop*, 591 S.W.2d 251, 254 (Mo. App.1979). We find no abuse of discretion and rule this point against wife.

Husband in his sole point on appeal contends the court erred in requiring him to pay wife the sum of $25,000 as a further distribution of marital property because it was against the weight of the evidence, was not supported by the evidence, and because the trial court erroneously applied the law. In the argument portion of his brief, he asserts the court erroneously valued the marital residence at $65,000, which the court used as a basis to order husband to pay $25,000 to wife. In husband's financial statement admitted into evidence, he valued the home at $62,500, while his wife valued it at $70,000. The trial court's finding and order here is supported by substantial evidence and is not against the weight of the evidence. Neither did an error of law occur.

Affirmed.

SNYDER and CRIST, JJ., concur.