**Norma J. LEACH, Appellant,**

v.

**Jeffrey B. LEACH, Respondent.**

**No. 46210.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 8, 1983.

William R. Gartenberg, Clayton, for appellant.

Frank K. Carlson, Union, for respondent.

REINHARD, Judge.

Dissolution case. The parties' marriage was dissolved by court order dated May 11, 1982. Wife challenges both the court's order that she pay $24,000.00 to husband and its award of custody of the minor child to husband. Applying the standard of review established in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), we affirm.

The parties married as high school sweethearts in 1972. Their only child, a daughter, was born on June 17, 1979. At the time of the hearing, in April, 1982, wife earned $16,500.00 per year at Monsanto Corporation as a secretary. Husband had been a Chrysler Corporation employee for 12 years; however due to a company layoff, he was attending trade school and working part-time for Nooter Corporation at the time of the hearing. The principal asset was the family home which was encumbered by a note secured by deed of trust in the amount of $53,000.00.

In the court's decree, principal custody of the child was awarded to the husband. The wife was awarded the marital home, all household goods and appliances on the premises of the home, and one automobile. Husband, in turn, was awarded an automobile and a truck. Likewise, the parties were awarded personal property they had in their possession and wife ordered to pay husband the sum of $24,000.00.

Wife admits that the $24,000.00 constituted an approximate one-half interest in the equity of the home. She claims, however, that the husband was not entitled to 50% of that equity, citing his conduct during the marriage and the fact that the land upon which the home was built was a gift to her from her parents. No request for findings of fact and conclusions of law were made and, therefore, it is presumed that the court found the facts in accordance with its decree. *Hegger v. Hegger,* 596 S.W.2d 479, 480 (Mo.App.1980).

As to wife's contention regarding husband's conduct, we note that wife made various allegations of what she termed "marital misconduct." However, husband denied these allegations. On the other hand, the record is replete with evidence of wife's marital misconduct, which she totally ignores. In this regard, the record indicates that wife's present lover was caught at the marital home during husband's absence. Moreover, wife admitted adultery with three men, including her present lover; these admissions were made in the presence of her husband, her parents and her husband's parents. Furthermore, the lot on which the home was built was deeded to husband and wife jointly by her parents. Thus, there was evidence that the land was a gift to both parties. Under such circumstances, we find the court's property determination was consistent with the evidence and the law.

Wife also contends that the court erred in awarding the primary custody of the minor child to husband, claiming that the evidence clearly demonstrated that the child's best interest would be served by wife's custody. In support of this argument, wife, as in her first point, relies on evidence that the court apparently disbelieved. Contrary to her contention, there is substantial evidence that husband has been the child's primary caretaker since her birth. Admittedly, this is due in part to husband's unemployment during a portion of this period, which allowed husband to be home with the child. Regardless of the reason, however, the fact remains that husband has a close relationship with the child.

Wife would have this court believe that the custody order is contrary to the so-called "tender years" presumption. Under the circumstances of this case, however, reliance on this presumption is misplaced. Judge Dowd, speaking for this court, in *In Re Marriage of Estelle,* 592 S.W.2d 277 (Mo.App.1979), stated:

> [T]he desirability of awarding custody of children of tender years, especially girls, to their mother should not be indulged to the extent of excluding consideration of all other relevant matters, particularly the best interest of the children. (citations omitted). If both parents are employed and equally absent from the home, the mother has no more part in training, nurturing, and helping in the child's development; and, if everything else is equal, the mother has no better claim to child custody.

*Id.* at 278.

Of paramount concern in custody cases is the best interest of the child. *Bull v. Bull,* 634 S.W.2d 228, 229 (Mo.App.1982). In addition to his close relationship with the child, husband's testimony was that if he obtained custody, he would live with his parents, who own a six room house in Union, Missouri. While husband is at work, his mother, who is not employed outside the home, will help with the care of the child. With this evidence, we cannot say that the trial court abused its discretion in awarding primary custody to the father.

Judgment affirmed.

KAROHL, P.J., and CRANDALL, J., concur.