**In re the Marriage of Jane E. GOLDBERG, Petitioner,**

v.

**Milton H. GOLDBERG, Respondent.**

**No. 48134.**

Missouri Court of Appeals, Eastern District, Division Two.

March 29, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1985.

See also, 691 S.W.2d 317.

Carroll J. Donohue, Mark G. Zellmer Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., for petitioner.

Theodore S. Schechter, Frances M. Luehrman, Schechter & Watkins, Clayton, Mo., for respondent.

PER CURIAM.

Wife appeals from a decree dissolving her marriage to husband and awarding them joint custody of their two minor children pursuant to § 452.375 RSMo Supp. 1983.[1] The statute, enacted and effective

---

1. This section has since been amended. · The present law is found in the 1984 supplement of the Revised Statutes. It separately defines joint *legal* custody and joint *physical* custody. Sub-

section three, in effect since August 14, 1984, now reads:

As between the parents of a child, no prefer-ence may be given to either parent in the

after the dissolution proceeding was pending, specifically provided for joint custody, unlike its predecessor, § 452.375 RSMo Supp.1982. We affirm.

On appeal, wife raises four points alleging trial court error: (1) in awarding joint custody under § 452.375 RSMo Supp.1983 rather than primary custody under the former law because the new statute did not become effective until after the case was under submission; (2) in awarding joint custody without prior agreement or approval of both parties; (3) in requiring the parties to submit disagreements to a mediator; and (4) in failing to award child support. The record on appeal contains only the legal file per stipulation of the parties.

Wife's first point contends the trial court had authority to award only primary custody of the parties' two minor children under § 452.375 RSMo Supp.1982, and not joint custody under the 1983 amendment. By consent of the parties, the dissolution proceeding was referred to a Master on December 30, 1982. In April 1983, the hearing of the cause before the Master was concluded and submitted to him. In June 1983, the Missouri legislature amended § 452.375.3 RSMo Supp.1982. The amendment provided:

> As between the parents of a child, no preference may be given to either parent in the awarding of custody for the sole reason that the parent is the mother or the father of the child, nor because of the age or sex of the child. The court *may award joint custody or sole custody to either parent*, or, when the court finds that each parent is unfit or unable, and that it is in the best interest of the child, then to a third party. (Emphasis added.)

The amendment became effective on September 28, 1983. Several months later on November 9, 1983, the Master's findings of fact and opinion were filed with the trial court. On the same day, in accordance with the Master's findings and opinion, the trial court entered its decree of dissolution awarding the parties joint custody of their minor children.

The decree awarded joint custody to both husband and wife, with wife to have physical custody of the children from one week before the start of the school year until the last day of the children's spring vacation. Husband was given physical custody for the remainder of the year. The parent not having physical custody had alternating weekends with the children. Provision was made for holidays, birthdays, telephone calls and decision-making.

■ Wife argues that the 1983 amendment changed the substantive law and that, since substantive law changes have only prospective application, the 1983 amendment was erroneously applied. As a general rule, statutes operate prospectively. *Department of Social Services v. Villa Capri Homes, Inc.*, 684 S.W.2d 327 (Mo. banc 1985); *Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 34[3] (Mo. banc 1982). Article I, § 13 of the Missouri Constitution generally prohibits retroactive application of enacted laws. There are, however, two recognized exceptions to the rule that a statute shall not be applied retrospectively: (1) where the legislature manifests a clear intent that it do so, and (2) where the statute is procedural only and does not affect any substantive right of the parties. *State ex rel. Lawyers Title Insurance Corp. v. Elrod*, 636 S.W.2d 396, 398[2] (Mo.App.1982). The language of the 1983 amendment does not reflect a clear intent that it be applied retrospectively. Thus, the issue is whether the statutory change is procedural only and does not affect any substantive right of the parties.

The 1983 amendment, while providing for joint custody, does not mandate joint custody but expands the trial court's alternatives in providing for the best interest and

awarding of custody for the sole reason that the parent is the mother or the father of the child, nor because of the age or sex of the child. The court may award joint *physical custody or joint legal custody, or both,* to both parents or sole custody to either parent, or when the court finds that each parent is unfit or unable, and that it is in the best interest of the child, then to a third party. (Emphasis added.)

welfare of the children. Under the old statute, either parent could have been awarded primary custody and the other parent, temporary custody of similar duration as the time awarded jointly to each of them here. Likewise, the responsibilities concerning schools, finances, and medical attention could have just as easily been decreed in the same fashion under the old statute as here. Whether the judge was acting under the 1982 statute which did not expressly provide for joint custody or under the amended statute which does, the paramount consideration remains the best interest and welfare of the child.

 The legislature's express intent is that the best interest of the child controls the exercise of judicial discretion. Neither parent is vested with a superior right to the custody of the minor children. Parental rights are secondary in the determination of what will best serve the welfare of the children which is always the primary concern. *Garrett v. Garrett*, 464 S.W.2d 740, 743 (Mo.App.1971). The method implementing this objective, by an award of either sole or joint custody to the parents, reflects a procedural change by the legislature and not a substantive change.

 Further, the decree was entered sometime after the 1983 amendment became effective. The case was pleaded and tried with joint custody as an option. The pleadings in the record clearly reflect that husband had requested sole or joint custody in his amended answer. Wife filed no motion to strike husband's pleadings. Thus, the issue of joint custody was raised by the pleadings. The Master's opinion reflects that wife expressed her desire for sole custody; husband, for joint, and, absent that, primary custody. The two children indicated their desire to spend an equal amount of time with both parents. An expert witness testified joint custody, with the assistance of a mediator, was the preferable arrangement. Although the case was heard and submitted to the Master prior to the effective date of the 1983 amendment, the judgment of the trial court was rendered sometime after the amendment's effective date. We know of no public policy offended by application of the new statute. We do not see that the evidence adduced under these circumstances would vary, regardless of whether a parent sought primary or joint custody, where, as here, the issue of custody was contested and painstakingly litigated. Based on the evidence adduced, no unfairness to either party accrues from application of the new law to the circumstances of this case. It is presumed that the trial court studied the evidence thoroughly and ordered that which was in the best interest of the child. *Kline v. Kline*, 686 S.W.2d 13 (Mo.App.W. D.1984); *Fastnacht v. Fastnacht*, 616 S.W.2d 98, 100 (Mo.App.1981). We find the trial court possessed the jurisdiction to award joint custody and find no abuse of its discretion in so doing.

 Wife's second point alleges the trial court's award of joint custody was erroneous because both parties did not agree to and approve of the entry of an order for joint custody of the minor children. Section 452.375 RSMo Supp.1983 does not require agreement between the parties as a prerequisite of joint custody. Because both parties do not request and agree upon joint custody is no limitation upon the court's authority to award it. The wishes of the parents concerning the custody of their children are only one factor to be weighed by the court in the sound exercise of its discretion. Section 452.375.2(1) RSMo Supp.1983.

Wife, relying upon publications of psychiatrists and case law of other jurisdictions, argues that joint custody should not be awarded absent their mutual agreement because the success of parenting under such a custodial arrangement would be minimal. Wife illustrates by highlighting her consistent position throughout the hearing opposing the award of joint custody. We have considered this view but note that all custody disputes, by definition, involve parents who are actively litigating for custody of the children. We recognize that there are policy arguments both in support of and in opposition to joint custody, but the very

existence of conflicting views on the subject illustrates the necessity and wisdom for leaving the resolution of such disputes in each case to the sound discretion of the trial court. The trial court found that, despite the not unusual friction and tensions between parents prior to and during the contested dissolution proceedings, the parents have demonstrated similar beliefs about many, if not most, of the major parental decisions. By their actions, they have shown their shared belief in the importance of private schooling, instruction in the Jewish faith, athletics, contacts with relatives, good work habits, cleanliness, and prompt medical treatment. The two children, nine and seven years old at the time of the decree, indicated a desire to spend the same amount of time with their mother and father. One witness, a recognized expert on child development, whom the court found to be a disinterested party, recommended joint custody, providing a mediator was available to assist the parties in resolving disputes over parenting. We defer to the finding of the trial judge. Point denied.

■ Wife's third point states the provision in the trial court's dissolution decree requiring the parties to submit their unresolved disputes to a mediator is unconstitutional. In addition to the claim of unconstitutionality, wife contends that the mediation clause is mandatory and not permissive, and is ambiguous concerning the scope of the mediator's role and authority.

Wife cites *State ex rel. Cardinal Glennon Memorial Hospital v. Gaertner*, 583 S.W.2d 107, 110–11 (Mo. banc 1979), for the proposition that the mediation requirement is unconstitutional. *Cardinal Glennon* is readily distinguishable from the facts of this case. In *Cardinal Glennon,* the court declared the requirement under Chapter 538 RSMo Supp.1976 that any person with a medical malpractice claim was required to first submit his claim to the Professional Liability Review Board Authority before filing an action in court was unconstitutional because it imposed a restriction on access to the judicial system. Here, neither parties' access to the judicial system is impaired by the mediation provision. Nothing in the court order imposes mediation as a prerequisite to filing a motion to modify or any other type of court action concerning custody. The order specifically provides:

> [A]ll decisions ... including ... decisions relating to actual or potential litigation involving the minor children or either of them directly or as beneficiary, *other than custody,* shall be considered major decisions ... Any unresolved disputes between the parents as to any major decisions shall be submitted for advice and resolution to a mutually chosen mediator, ... The mediator shall not have the status of an arbitrator. (Emphasis added.)

The provision's express language directly refutes wife's contention that a future court will be obligated to inquire whether the parties have first submitted their disputes to a mediator before hearing an action regarding custody of the children.

The designation that the mediator lacks the status of an arbitrator is not without import. Under the Uniform Arbitrator Act, the actions of an arbitrator are binding in Missouri on the parties who submit to arbitration. Section 435.350 RSMo Supp.1984. Not so with a mediator. A mediator's decisions are not binding on the parents or the court. The court's manifest intent is that the parties have a neutral, disinterested party capable of solving the friction between parents inherent in nearly all custody arrangements following contested custody cases. This intention is reflected in the court's opinion which includes the testimony of the child development expert who "opined that a mediator is necessary for successful shared parenting" when joint custody is awarded in contested cases. Further, in our review of the decree, we find the mediator's role sufficiently defined. We find no merit to wife's claim, under the aegis of *Cardinal Glennon,* that the mediation clause be stricken as unconstitutionally restricting the parties' access to the judiciary.

■ Wife's final point contends the failure to award her child support is reversible error. Because the trial court awarded joint custody to the parties and provided that approximately one-half of the time should be spent with each parent, the trial court awarded no child support. Wife states that a reversal of the joint custody award with primary custody awarded in its place necessitates a reassessment of the child support award. Her argument, without any cited authority, assumes our reversal of the joint custody award. Noting that assumption is erroneous, we find no merit to wife's final point.

Judgment affirmed.