**Kim L. ADAIR, Petitioner–Appellant,**

v.

**David L. ADAIR,
Respondent–Respondent.**

**No. WD 40517.**

Missouri Court of Appeals,
Western District.

Nov. 1, 1988.

J. Michael Murphy, Liberty, for petitioner-appellant.

Tina DePaepe Crawford, Schulz, Bender, Maher & Blair, Kansas City, for respondent-respondent.

Before LOWENSTEIN, P.J., and TURNAGE, and COVINGTON, JJ.

TURNAGE, Judge.

Kim Adair appeals from a judgment which awarded custody of the eleven month old daughter born of her marriage to David Adair, to David. Kim contends the judgment is not supported by substantial evidence, is against the weight of the evidence and the court abused its discretion in awarding custody to David. Affirmed.

Kim filed suit to have her marriage to David dissolved and requested custody of the daughter, Rebecca. The parties had been married about eighteen months when the dissolution suit was filed. At that time Rebecca was about four months old.

Kim was a member of the U.S. Navy and had been for ten years at the time this suit was tried. She was under orders to report to the island of Guam for a two year tour of duty. The evidence was that she had ten years of additional duty in order to have her retirement benefits vest. There was evidence that over the next ten years she could expect to be transferred about every two years.

The court heard this cause in January of 1988 and found that it was in the best interest of Rebecca for her to be placed in the custody of David with liberal visitation granted to Kim. Thereafter, Kim filed a motion for a rehearing or a new trial and the court granted a rehearing on the issue of child custody only.

In March of 1988, the court heard additional evidence as to the custody question. At that time Rebecca had been in David's custody since January and David presented evidence from both relatives and non-relatives that he was keeping his home in an orderly and clean fashion and was taking good care of Rebecca. David was employed through the week and took Rebecca to his mother for her to care for Rebecca during the day. On occasion when there was severe weather or Rebecca had a cold, David would leave Rebecca with his mother overnight. Kim presented evidence to show that Rebecca had colds and a diaper rash during the time she had been with David.

Kim was stationed with the Navy in Kansas City but was to leave shortly for Guam. Her plan was for her sister to take a leave of absence from her job and to accompany Kim to Guam. The sister was to stay for six months to care for Rebecca while Kim was on duty. There was no evidence as to the care Rebecca would receive after Kim's sister returned to the mainland except that there were baby sitting facilities on the base in Guam.

The court entered judgment on April 1, 1988, in which it found that both Kim and David were fit parents and capable of caring for Rebecca. The court found that David was providing a good environment and a stable home for Rebecca and that both the maternal and paternal grandparents were residents of the State of Missouri.[1] The court further found that Kim had chosen to remain on active duty in the Navy and was currently stationed in Guam and would be restationed possibly every two years during the next ten years. The court found it was not in the child's best interest to be removed from the State of Missouri and reaffirmed its judgment of January that the care and custody of Rebecca be placed with David.

Although Kim contends the judgment is not supported by substantial evidence, there was substantial evidence from friends of David that he was taking good care of Rebecca and that she was in good condition. It is apparent the court was concerned about the possibility of this young child being taken to Guam and thereafter being moved about every two years. The court found that the child was in a good environment and a stable home near both sets of grandparents. The judgment which found it was in the best interest of Rebecca to be placed in the custody of David was supported by substantial evidence.

1. Both sets of grandparents lived within about twenty minutes from David's home. David testified that he had no objection to Kim's parents baby sitting for Rebecca.

Kim contends that the judgment is against the weight of the evidence. In *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976), appellate courts are admonished to "exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." This court, after a review of the evidence, does not have a firm belief that the judgment is wrong.

Kim also contends the court abused its discretion in awarding custody of Rebecca to David. In *Chastain v. Chastain*, 632 S.W.2d 291, 292–93[2] (Mo.App.1982), the court stated:

> The trial court is vested with broad discretion in awarding custody under these circumstances. *Johnson v. Johnson*, 526 S.W.2d 33, 37 (Mo.App.1975). It is in a better position to consider all of the evidence and factors and unless this court is firmly convinced that the welfare of the child requires some other disposition, we should affirm the trial court's decision.

The trial court heard and observed all of the witnesses and was in a better position than this court to evaluate all of the evidence. This court cannot say that the trial court abused the broad discretion with which it is vested.

The judgment is affirmed.

All concur.