## In re the MARRIAGE OF Melinda Sue GOOSTREE and Todd Alan Goostree.

**Melinda Sue GOOSTREE, Petitioner–Respondent,**

v.

**Todd Alan GOOSTREE, Respondent–Appellant.**

No. 16513.

Missouri Court of Appeals, Southern District, Division One.

May 30, 1990.

Stephen P. Carlton, Johnston & Carlton, Carthage, for respondent-appellant.

W. Henry Johnson, Douglas, Douglas & Johnson, Neosho, for petitioner-respondent.

CROW, Presiding Judge.

Todd Alan Goostree ("Todd") appeals from a decree dissolving his marriage to Melinda Sue Goostree ("Lindy"). Todd maintains the trial court erred in (1) awarding Lindy sole custody of the parties' only child, and (2) ordering Todd to pay Lindy $650 as partial reimbursement for her attorney's fee.

The parties were married June 27, 1986. Their child, Haley Dawn Goostree, was born October 10, 1987. The parties separated February 10, 1989.

The trial court, while awarding custody of Haley to Lindy, granted Todd reasonable visitation rights and specific periods of temporary custody, i.e.: (a) the second and fourth weekends each month from 6:00 p.m., Friday to 6:00 p.m., the following Sunday, (b) one week in each of the months of May, June, July and August each year, and (c) certain designated holidays.

■ Todd asserts the child custody order is erroneous in that the weight of the evidence supported a finding that the best interest of the child would have been served by placing her in the joint legal custody of the parties, § 452.375.1(1),[1] with Lindy being awarded primary physical custody.

Joint legal custody and joint physical custody, § 452.375.1(2), were the subject of the following analysis in *Brisco v. Brisco*, 713 S.W.2d 586, 589–90 (Mo.App.1986):

"Such a custody arrangement appears attractive on its face. Both parents remain actively involved in the care of the child and the child is assured of a continuing relationship with both parents. The arrangement seems even more attractive when the evidence shows both parties to be fit and loving parents. Unfortunately, love between the parent and the child may not be enough in every case to make an award of joint legal and physical custody in the *best interests of the child.* Obviously, the joint custody statutes contemplate a great deal of contact between the parents, as well as between each individual parent and the child. While the statute does not expressly require agreement of the parents as a prerequisite to an award of joint custody, the plan is not likely to be in the child's best interests if the parents cannot 'agree to agree.' ...

Before a joint custody plan can be said to be in the best interests of the child, there should be some evidence in the record to support a finding that the parents are emotionally equipped to deal with each other as equal partners in the care of their child...." (Emphasis in original.)

In the instant case there was evidence of a number of disagreements between the parties, that their relationship was "very strained," that their attitudes regarding child rearing did not coincide, that Todd has a violent temper, and that he had manifested little interest in taking care of Haley prior to the separation.

In our review of this court-tried dissolution case we must affirm the decree unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or erroneously applies the law. *Ederle v. Ederle*, 741 S.W.2d 883, 885[3] (Mo.App. 1987); *In re Marriage of Plank*, 670 S.W.2d 185, 189[2] (Mo.App.1984); *Ware v. Ware*, 647 S.W.2d 582, 583[1] (Mo.App. 1983). Where there is a conflict in the evidence, the trial court has the prerogative to determine the credibility of the witnesses, accepting or rejecting all, part or none of the testimony. *Plank*, 670 S.W.2d at 189[3]; *Ware*, 647 S.W.2d at 583–84[2]; *Trunko v. Trunko*, 642 S.W.2d 673, 674–75[2] (Mo.App.1982). We must accept as true the evidence and permissible inferences therefrom favorable to the prevailing party and disregard the contradictory evidence. *Plank*, 670 S.W.2d at 189[4]; *Ware*, 647 S.W.2d at 583–84[4]. Our power to set aside a custody award on the ground that it is against the weight of the evidence must be exercised with caution and with a firm belief that the decree is wrong. *Plank*, 670 S.W.2d at 189[5]; *In re the Marriage of B___ A___ S___*, 541 S.W.2d 762, 763[2] (Mo.App.1976). We will not disturb the trial court's custody award unless it is manifestly erroneous and the welfare of the child requires some disposition other than that made by the trial court. *In re Marriage of Walls*, 743 S.W.2d 137, 138[1] (Mo.App.1988); *Wells v. Wells*, 623 S.W.2d 19, 22[3] (Mo.App.1981).

---

1. The version of § 452.375 in effect when this cause was tried and the decree entered was the version in RSMo Supp.1988. All references to statutes are to RSMo Supp.1988.

Review of a trial court's decision against awarding joint custody is the same as for any other ruling in a dissolution action. *Kline v. Kline,* 686 S.W.2d 13, 17[8] (Mo. App.1984). The principal concern in a custody determination is the best interests of the child. § 452.375.2; *S.E.G. v. R.A.G.,* 735 S.W.2d 164, 165[1] (Mo.App.1987); *Leach v. Leach,* 660 S.W.2d 761, 763[3] (Mo.App.1983).

In the instant case Lindy objected to Todd's proposed plan for joint legal custody. Todd correctly cites *Goldberg v. Goldberg,* 691 S.W.2d 312, 315 (Mo.App. 1985), for the proposition that § 452.375 does not require agreement between the parties as a prerequisite of joint custody. *Goldberg* goes on to say, however, that the very existence of conflicting views on the subject of joint custody illustrates the necessity and wisdom of leaving the resolution of that issue in each case to the sound discretion of the trial court. *Id.* at 315–16.

In *Goldberg* the parents shared a belief in the importance of private schooling, instruction in the same religious faith, athletics, contacts with relatives, good work habits, cleanliness, and prompt medical treatment. *Id.* at 316. The two children, ages nine and seven at time of the decree, indicated a desire to spend the same amount of time with each parent, and a disinterested expert on child development recommended joint custody providing a mediator was available to assist in resolving disputes. *Id.* The appellate court in *Goldberg* deferred to the trial court's decision to award joint custody. *Id.*

The evidence in the instant case is too dissimilar to that in *Goldberg* for *Goldberg* to be controlling. The instant case is more akin to *S.R. v. S.M.R.,* 709 S.W.2d 910 (Mo.App.1986). There the husband assigned error in the trial court's refusal to order joint legal and physical custody of the parties' two children, ages fourteen and five at time of the decree. The Eastern District of this Court noted that although the husband manifested love of the children and a desire to have joint custody, evidence indicated he assumed little respon-

sibility for raising either child during the marriage. The Eastern District held (a) the husband had failed to demonstrate that the award of primary custody to the wife with liberal temporary custody for the husband was not in the best interests of the children, and (b) the trial court did not abuse its broad discretion in failing to order joint custody. *Id.* at 915[5].

Our scrutiny of the 104–page transcript in the instant case convinces us that the trial court's custody arrangement is supported by substantial evidence and is not against the weight of the evidence, and that the trial court neither erroneously declared nor erroneously applied the law. We have further determined that an opinion setting forth a detailed account of the evidence on the custody issue would have no precedential value. The provisions in the decree regarding custody of the parties' child are therefore affirmed in compliance with Rule 84.16(b).[2]

■ On the attorney fee issue, Lindy's evidence was that her attorney's fee and litigation expenses totaled $1,234.50. She testified she did not have money available to pay that amount and asked the trial court to order Todd to pay it. The trial court, as reported in the first paragraph of this opinion, ordered Todd to pay Lindy $650 as partial reimbursement.

Todd argues that the trial court erred in that the weight of the evidence demonstrated that Lindy had "ample income and other assets from which to pay her own attorney fees and costs."

A trial court after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining a dissolution action, including attorney fees and costs. § 452.355.1; *Kieffer v. Kieffer,* 590 S.W.2d 915, 918 (Mo. banc 1979). How these factors balance will vary from case to case, and only when a trial court is shown to have abused the broad discretion with which it is vested in awarding attorney fees

2. Rule references are to Missouri Rules of Civil Procedure (1990).

should its award be overturned. 590 S.W.2d at 919.

We find no abuse of discretion here. Todd cites two cases, *Kreitz v. Kreitz*, 750 S.W.2d 681 (Mo.App.1988), and *Weiss v. Weiss*, 702 S.W.2d 948 (Mo.App.1986), but neither is controlling as the facts in each are substantially different than those here.

We hold that the $650 attorney fee award is supported by substantial evidence and is not against the weight of the evidence, and the trial court neither erroneously declared nor erroneously applied the law. We have further determined that an opinion setting forth a detailed account of the evidence on the attorney fee issue would have no precedential value. The attorney fee award is therefore upheld in compliance with Rule 84.16(b).

The decree of dissolution of marriage is affirmed.

PREWITT and PARRISH, JJ., concur.