Deborah ST. LAWRENCE, Appellant,

v.

David ST. LAWRENCE, Respondent.

No. ED 80875.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 30, 2003.

---

1. All statutory references are to RSMo. (2000), unless otherwise indicated.

Deborah L. St. Lawrence, Hazelwood, MO, Appellant acting pro se.

Stephen D. Bouchard, Crystal City, MO, for Respondent.

## *OPINION*

GLENN A. NORTON, Judge.

Deborah St. Lawrence ("Mother") and David St. Lawrence ("Father") divorced, and Mother was awarded physical custody of the parties' minor child. Several years later, on Father's motion, the trial court entered a judgment preventing Mother from relocating with the child. Thereafter, on a motion to modify, the court entered a judgment transferring custody of the child to Father. Mother appeals both judgments.[1]

■ Mother made some very persuasive arguments regarding why it was in the child's best interest to remain in Mother's custody, and if we were allowed to reweigh the evidence we may have agreed with her. But, under our standard of review, even if the evidence could have supported another conclusion we must give great deference to the trial court's decision to modify child custody. *Brethorst v. Brethorst,* 50 S.W.3d 864, 866 (Mo.App. E.D. 2001). This Court is prohibited from weighing the evidence itself and does not second guess the trial court, which is in a better position to judge the credibility of the witnesses and other trial intangibles not completely revealed by the record. *Mazurek v. Mazurek,* 575 S.W.2d 227, 229 (Mo.App.1978). We must accept as true the evidence and reasonable inferences therefrom in the light most favorable to the prevailing party and disregard con-

---

1. Counsel filed a notice of appeal as to the judgment regarding relocation, and thereafter Mother filed a notice of appeal *pro se* as to both judgments. Counsel withdrew, and the appeals were consolidated.

trary evidence. *Id.* We presume that the trial court reviewed all of the evidence and based its decision on the child's best interests. *In re McIntire,* 33 S.W.3d 565, 568 (Mo.App. W.D.2000).

■ The trial court concluded under section 452.410 RSMo 2000 that there was a substantial change in circumstances and that transfer of custody was in the child's best interests. Nothing in the record overcomes our presumption that the trial court reviewed all of the evidence and based its decision on the child's best interests. *In re McIntire,* 33 S.W.3d at 568; *see also Wenger v. Wenger,* 876 S.W.2d 735, 743 (Mo.App. E.D.1994). The judgment is supported by substantial evidence, it is not against the weight of the evidence, and no error of law appears. An extended discussion of this issue would have no precedential value. We affirm the judgment transferring custody under Rule 84.16(b).

■ Because we affirm the transfer of custody to Father, any determination by this Court as to whether Mother should have been allowed to relocate with the child when Mother had custody would have no practical effect and, thus, is moot. *See generally Olson v. Olson,* 91 S.W.3d 164, 166 (Mo.App. W.D.2002). Appeal of the judgment regarding Mother's relocation is dismissed.[2]

WILLIAM H. CRANDALL, JR. P.J. and SHERRI B. SULLIVAN, J. concurring.

---

2. Father's motion to dismiss these appeals for     deficiencies in Mother's brief is denied.