**James E. SWOBODA, Respondent,**

v.

**Kathleen JENSEN, Appellant.**

**No. ED 86227.**

Missouri Court of Appeals, Eastern District, Division Two.

May 23, 2006.

Craig E. Hellmann, Washington, MO, for appellant.

James E. Swoboda, Union, MO, respondent pro se.

Before GARY M. GAERTNER, SR., P.J., GEORGE W. DRAPER III, J., and KENNETH M. ROMINES, J.

**ORDER**

PER CURIAM.

Appellant, Kathleen Jensen ("Mother"), appeals from the judgment of the Circuit Court of Franklin County, following a hearing, denying Mother's motion to modify the terms of the dissolution judgment pertaining to custody. Under the dissolution judgment, Mother and Respondent, James E. Swoboda ("Father"), were awarded joint legal custody of their three

children ("the three children"), Father was awarded primary physical custody, and Mother was awarded visitation. We affirm.

We will affirm a trial court's judgment pertaining to custody unless it is unsupported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Leazer v. Leazer*, 119 S.W.3d 597, 599 (Mo.App. E.D.2003). We view the evidence and inferences therefrom in the light most favorable to the judgment and disregard all evidence and inferences to the contrary. *Id.* The trial court is given greater deference in custody matters than in other matters. *Id.*

We defer to the ability of the trial court to determine the credibility of the witnesses. *Id.* The trial court is free to accept or reject all, part, or none of the testimony of a witness and may even disbelieve the uncontradicted testimony of a witness. *Cunningham v. Cunningham*, 143 S.W.3d 647, 653 (Mo.App. E.D.2004). Our presumption is that the trial court reviewed all of the evidence and based its decision on the best interests of the children. *St. Lawrence v. St. Lawrence*, 109 S.W.3d 225, 227 (Mo.App. E.D.2003).

"[T]he court shall not modify a prior custody decree unless ... it finds ... that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child." Section 452.410.1, RSMo 2000. The change in circumstances must be "substantial." *Searcy v. Seedorff*, 8 S.W.3d 113, 117 (Mo.banc 1999).

In this case, the trial court found that the three children "are doing very well in the home of [Father]" and that there was not a substantial change in circumstances justifying a change of custody. Nothing in the record overcomes our presumption that the court reviewed all of the evidence and based its decision on the three children's best interests.

The judgment is supported by substantial evidence, it is not against the weight of the evidence, and no error of law appears. As an extended opinion would serve no jurisprudential purpose, we affirm the judgment pursuant to Rule 84.16(b).